FOURTH DEPARTMENT, MARCH, 1991

(March 8, 1991)

■ In the Matter of ANTHONY TARQUINI, Petitioner, v TOWN OF AURORA et al., Respondents.—Upon remittitur from the Court of Appeals, determination unanimously confirmed without costs and petition dismissed. Memorandum: In a prior appeal, a majority of this court held that a regulation requiring an enclosure of at least four feet in height around residential outdoor swimming pools (9 NYCRR 1243.7 [f]) was unauthorized and inapplicable to petitioner's swimming pool which he constructed in 1982 (Matter of Town of Aurora v Tarquini, 158 AD2d 905). The Court of Appeals unanimously reversed, upheld the regulation, reinstated the judgment of Supreme Court which directed petitioner to comply with the regulation and remitted the matter to this court for consideration of issues not reached in our prior decision (Matter of Tarquini v Town of Aurora, 77 NY2d 354).

The only remaining issue to be decided is whether the determination of the Buffalo/Rochester Uniform Code Board of Review (Board) was supported by substantial evidence. Upon review of the original record, we now conclude that the Board's decision denying petitioner's application for a variance from the swimming pool enclosure requirement was supported by substantial evidence. The pool is located on petitioner's 18-acre parcel behind his residence facing Jewett-Holmwood Road to the north. A barn is located to the east of the pool. The area between the house and the barn is 46 feet wide. There are bushes to the south and west of the pool. The Board found that there were no barriers between the home and the barn and that the shrubbery to the west and south has openings and does not constitute adequate barriers to substitute as sufficient enclosure for the fencing required by the regulation. The photographs in evidence support the Board's findings. The Board also properly rejected petitioner's contention that the existence of two unenclosed ponds on the property should excuse his non-compliance with the pool fencing requirement. The rule does not apply to ponds and the existence of other potentially hazardous water to the rear of the property does not absolve petitioner of his duty to fence the pool area. Accordingly, the Board's determination is confirmed and petitioner's CPLR article 78 petition is dismissed. (Remittitur from Court of Appeals.) Present—Dillon, P. J., Callahan, Denman, Green and Lawton, JJ.