■ In the Matter of DONALD F. MALIN, JR., Appellant, v ALBANY UNIFORM CODE BOARD OF REVIEW, Respondent. [637 NYS2d 531] —Mikoll, J. P. Appeal from a judgment of the Supreme Court (Connor, J.), entered June 22, 1995 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request for a variance.

In May 1992, petitioner was cited for failing to have an enclosure around his swimming pool as required by the State Uniform Fire Prevention and Building Code (hereinafter the Code) (*see*, 9 NYCRR 720.1). Thereafter, in July 1993, petitioner filed an application for a variance based on his claims that the enclosure requirement would constitute an excessive and unreasonable economic burden and the enclosure was unnecessary because his motorized swimming pool cover achieves the Code's intended objective without a loss in the level of safety. Following a discretionary hearing before respondent, petitioner's request for a variance was denied. Petitioner then commenced this CPLR article 78 proceeding to challenge respondent's determination. Supreme Court found that respondent's determination was not arbitrary and capricious and dismissed the petition. This appeal by petitioner followed.

In our view, Supreme Court correctly concluded that respondent's denial of petitioner's variance request was rational (*see*, *Matter of Tarquini v Town of Aurora*, 171 AD2d 1001). Petitioner's claim that the enclosure requirement would cause him an undue economic burden was not established since petitioner admitted at the hearing that he had not even investigated how much enclosing the swimming pool would cost and, since he estimated that his home was worth over $750,000, he conceded the possibility that the expense would not be a large one by comparison. While it appears from petitioner's testimony that one of his principal concerns was that an enclosure around his pool would constitute a "major aesthetic eyesore" and he would probably have to pay more for an enclosure than the average person would so as to minimize this effect, such a concern would not, even if true, be sufficient in and of itself to justify a variance from a requirement designed to promote public safety.

As for petitioner's contention that his mechanized pool cover was sufficient to meet all safety concerns, we note that respondent rationally concluded that, while petitioner presented a strong case, the fact remains that his pool cover required "a human factor" to be effective, i.e., a person had to remember to lock it up after each use, while an enclosure would operate as a standing barrier to persons such as children who might wander too close to the swimming pool. Given respondent's additional concerns about the proximity of petitioner's home to over 30 other dwellings, we find no reason to disturb respondent's determination in this matter (*see*, *Matter of Tarquini v Town of Aurora, supra*).

Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.